RECEIVED
DC, WESTERN DISTRICT OF
TONY R. MOORE, CLERK
8/18/15

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

b

| | |
|---|---|
| ANTHONY JAMES MCLEOD,<br>Petitioner<br><br>VERSUS<br><br>M. D. CARVAJAL,<br>Respondent | CIVIL ACTION<br>SECTION "P"<br>NO. 1:14-CV-03089<br><br><br>JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Anthony James McLeod ("McLeod") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on October 22, 2014, challenging the calculation of his sentence by the Bureau of Prisons ("BOP") (Doc. 1). When he filed his petition, McLeod was incarcerated in the United States Penitentiary in Pollock, Lousiana ("USP-Pollock"). For relief, McLeod asks for immediate release from federal incarceration.

Respondent filed a motion to dismiss (Doc. 16), contending that McLeod's petition is now moot because he has been released. Respondent shows, through an affidavit by B. Bailey, the deputy case management coordinator at USP-Pollo9ck, that McLeod was awarded good time and released on March 11, 2015 (Doc. 16, Ex.). McLeod has not filed any response to the motion to dismiss.

Although an action "is not moot simply because a § 2241 petitioner is no longer in custody," it is rendered moot "when the court cannot grant the relief requested by the moving party." Salgado v. Federal Bureau of Prisons, 220 Fed. Appx. 256, 257 (5th

Cir. 2007), citing <u>Brown v. Resor</u>, 407 F.2d 281, 283 (5th Cir. 1969), cert. den., 90 S.Ct. 2249, 399 U.S. 933 (1970), and <u>Bailey v. Southerland</u>, 821 F.2d 277, 278 (5th Cir. 1987)). The issue of whether a case is moot presents a jurisdictional matter because it implicates the Article III requirement that an actual controversy exist at all stages of federal court proceedings. <u>Bailey</u>, 821 F.2d at 278. A moot case "presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents." <u>Adair v. Dretke</u>, 150 Fed. Appx. 329, 331 (5th Cir. 2005). Since McLeod is no longer incarcerated, this court can no longer provide him with the relief sought in his petition.

Moreover, on May 8, 2015, mail sent by this court to McLeod at USP-Pollock was returned marked "Return to Sender, Refused, Unable to Forward" (Doc. 18). Local rule 41.3W provides that the failure of a pro se litigant to keep the Court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the Court for the reason of an incorrect address and correction is not made to the address for a period of 30 days. See Local Rule 41.3W and Fed.R.Civ.P. rule 41(b). Also, <u>Link v. Wabash Railroad Co.</u>, 370 U.S. 626, 82 S.Ct. 1386 (1962); <u>Rogers v. Kroger Co.</u>, 669 F.2d 317, 320-21 (5th Cir. 1982).

Accordingly, McLeod's petition for writ of habeas corpus should be dismissed with prejudice as moot.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that McLeod's habeas petition be DENIED AND DISMISSED AS MOOT.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 2(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes a final ruling.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254

cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

THUS DONE AND SIGNED in Alexandria, Louisiana on this 18 day of August 2015.

```
_____
          JAMES D. KIRK
    UNITED STATES MAGISTRATE JUDGE
```